760 So.2d 865 (2000)
Tully GRIHIM, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01969-COA.
Court of Appeals of Mississippi.
June 6, 2000.
Boyd P. Atkinson, Cleveland, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. Tully T. Grihim filed this appeal as a result of a verdict and conviction entered against him in the Circuit Court of the Second Judicial District of Bolivar County. A grand jury indicted Grihim, along with Larunda Stout, for armed robbery. Stout pled guilty and testified at Grihim's trial as a witness for the defense. After a trial on *866 the merits, a jury returned a verdict of guilty to the charge of armed robbery, but failed to agree on the appropriate sentence. This task fell to the Honorable Kenneth L. Thomas who sentenced Grihim to a term of sixteen years in the custody of the Mississippi Department of Corrections. After the trial court denied defendant's post-trial motions, Grihim, by and through counsel, filed this appeal and alleges the following error

I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT AND/OR MOTION FOR A JNOV BECAUSE THE PROSECUTION FAILED TO MAKE OUT A PRIMA FACIE CASE AND THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Finding this allegation unsupported by the record, we affirm.

FACTS
¶ 2. About 8:00 in the morning on February 17, 1998, a robbery occurred at the TG & S store in Mound Bayou, Mississippi. Two Mound Bayou police officers arrived on the scene and conducted a preliminary investigation. Bolivar County Sheriffs Investigator Murray Roark arrived after receiving a telephone call from the store proprietor Deloris Smith. Smith gave Roark an account of the robbery and a description of the robber and descriptions of two customers: an unidentified young lady who shopped at the store moments before the incident and one Louise Phipps, who entered the store as the robber made his exit.
¶ 3. Smith told police officials that she opened the store around seven o'clock that morning. Some children entered the store shortly afterward to purchase candy. A young woman entered and bought a bag of potato chips. As she was leaving, a young man walked in, approached the counter and requested a pack of cigarettes. Smith related the purchase price of his requested item and instead of pulling cash out of his pocket, the assailant produced a pistol, pointed it at her and ordered her to give him all of the cash in the register. Once Smith complied, he ordered her and her three-year-old cousin to lie on the floor. After removing the telephone from its cradle and laying it on the counter, he took Smith's purse, ordered her and the three-year-old boy in her care not to move, and left the store.
¶ 4. As the robber left the store, Phipps walked in, after speaking briefly with him at the door. Once inside, Phipps realized what occurred, contacted the authorities, and waited with Smith for the police to arrive. Soon thereafter, Samuel Grant, a young man who observed the traffic around the store from across the street, ventured over to tell Smith that the unidentified young female customer and the robber were traveling together.
¶ 5. About a week later, the police, acting on this information and other leads, developed Grihim and Stout as their primary suspects. Police showed separate photo line-ups containing these two individuals to Smith and Phipps, and they each positively identified both Grihim and Stout.

STANDARD OF REVIEW
¶ 6. The standard of review for denial of a judgment notwithstanding the verdict and directed verdict are identical. American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). Appeals from an overruled motion for JNOV or directed verdict necessarily invoke a challenge to the sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss. 1993). Our standard of review on this issue is crystal clear. In McClain v. State, our supreme court offered the following guidance concerning challenges to the weight and sufficiency of the evidence:
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. Esparaza v. State, 595 So.2d 418, 426 (Miss.1992). The credible evidence consistent *867 with McClain's guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss.1974). The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Wetz[ v. State, 503 So.2d 803] at 808[ (Miss.1987)]. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss. 1984). We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz at 808.
McClain v. State, 625 So.2d 774, 778 (Miss. 1993).

LEGAL ANALYSIS

I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT AND/OR MOTION FOR A JNOV BECAUSE THE PROSECUTION FAILED TO MAKE OUT A PRIMA FACIE CASE AND THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

A. Challenges to the JNOV, directed verdict and sufficiency of the evidence
¶ 7. Because the standard of review for these issues are inextricably intertwined, we will address both issues together. Grihim challenges the legal sufficiency of the evidence presented at trial. Deloris Smith testified and established the essential elements required by the armed robbery[1] statute. Smith testified that the robber took the cash from the store register and her purse against her will by putting her in fear of immediate injury by threatening use of a gun. She identified the appellant as the perpetrator of the crime. Phipps testimony corroborated Smith's story regarding the "fear element" and after effects she suffered due to the use of the weapon. Phipps also identified Grihim as the robber. Clearly the State made out a prima facie case with evidence legally sufficient to support the trial judge's decision to overrule the motion for a directed verdict and JNOV.

B. Challenge to the weight of the evidence
¶ 8. The appellant also challenged the weight of the evidence, alleging that proof presented at trial was so weak as to be incapable of supporting a guilty verdict. In short, we disagree. Grihim failed at every turn to present "overwhelming" evidence that the trial judge was in error for not granting his motions. Testimony at trial by his witness, Larunda Stout, concerning her role in the crime contradicted her sworn testimony from her plea bargain hearing. Officer Roark testified that Grihim's testimony regarding his whereabouts at the time of the robbery contradicted a statement he gave shortly after his arrest. Two witnesses picked Grihim out of a lineup, and the jury believed the testimony of the State's witnesses. Considering the evidence in the light most favorable to the non-moving party, it is impossible for this Court to say that reasonable, fair-minded jurors could only find Grihim not guilty. Accordingly the verdict of the trial court is hereby, Affirmed.
*868 ¶ 9. THE JUDGMENT OF THE SECOND JUDICIAL DISTRICT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE TO SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY WITH ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE TAXED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] § 97-3-79. Robbery using deadly weapon; punishment

Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.