818 So.2d 1287 (2002)
Willie REYNOLDS a/k/a Willie J. Reynolds, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-02022-COA.
Court of Appeals of Mississippi.
June 11, 2002.
*1288 John Edward Jackson, attorney for appellant.
Office of the Attorney General, by John R. Henry Jr., attorney for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
McMILLIN, C.J., for the court.
¶ 1. Willie Reynolds has appealed from his conviction of simple assault on a law enforcement officer, claiming, among other things, that the verdict was against the weight of the evidence. We agree and reverse and remand.
¶ 2. Reynolds was in the process of being arrested for suspicion of driving while under the influence of intoxicants when, according to the State's evidence, he physically resisted the officer's efforts to place him in handcuffs. As a part of that resistance, the officer testified that Reynolds swung at him with a closed fist and landed what the officer called "a glancing blow." The officer did not testify as to undergoing any injury or even feeling pain from the blow. On direct examination by the prosecuting attorney, the officer said only that "it was just a glancing blow. No major injuries. I had no bruising."
¶ 3. The indictment specifically charged that Reynolds "did wilfully ... cause bodily injury to another ..." and subsequently identified the victim as a law enforcement officer acting within the course of his duties at the relevant time. The law is clear that, in order to prove simple assault in an indictment of this nature, the State must prove that the victim suffered bodily injury. Murrell v. State, 655 So.2d 881, 883 (Miss.1995). Murrell stands for the proposition that proof of the incident itself may permit the jury to draw a reasonable inference that the victim suffered some pain, and that this inference is enough to establish bodily injury for purposes of a challenge to the sufficiency of the evidence of guilt, but that, standing alone, this circumstantial proof is "so weak in that regard that a new trial is required." Id. at 885.
¶ 4. We find Murrell to be controlling as to the outcome in this case. Even a glancing blow with a fist is capable of producing pain, but, as the Murrell court pointed out, "[e]ither the officer suffered pain or he did not and it is a simple task to ask him." Id.
¶ 5. The State suggests that it would be appropriate, should this Court determine that the absence of direct proof of bodily injury is fatal to the verdict, to remand for sentencing for attempted assault. The statutory definition of simple assault includes, in the alternative, both the actual infliction of bodily injury and the attempt to do so. Miss.Code Ann. § 97-3-7 (Rev. 2000). The form of the statute offers the *1289 State alternative paths to arrive at the same result, but it must inform the defendant of the path it chooses in the language of the indictment. Murrell, 655 So.2d at 884. Having chosen to charge the actual infliction of bodily injury, rather than an ineffectual attempt to inflict injury, the State thereby chose to make actual bodily injury an element of the crime, but supported that charge with evidence too weak to withstand a claim that the verdict of guilty was against the weight of the evidence. The wording of the statute that criminalizes both the infliction of bodily injury and, alternatively, the attempt to inflict such injury as the same offense raises questions regarding the applicability of Section 99-19-5 permitting conviction for the attempt when only the crime itself is charged. Miss.Code Ann. § 99-19-5 (Rev.2000). Had the jury been instructed in the alternative under authority of Section 97-19-15 and returned a verdict of guilty of attempted assault, we would be faced squarely with that issue. In this case, the jury was not instructed on attempt and our reading of the Murrell decision leaves us convinced that our only option is to reverse and remand for a new trial. On remand, in order to convict of assault under the present form of the indictment, the State must establish beyond reasonable doubt that Reynolds's aggressive behavior actually inflicted bodily injury on the arresting officer as that term is defined by applicable state law. We offer no opinion as to the propriety of also instructing the jury on attempt under Section 99-19-5 since that question was not presented in this appeal.
¶ 6. Reynolds further complained in his brief regarding an excessive amount of proof relating to the post-arrest activities regarding his being tested for blood alcohol content, claiming that this evidence was both irrelevant to the charge being tried and was prejudicial, in that it tended to cast him in a bad light before the jury. The State correctly points out that a contemporaneous objection was not lodged at trial to this proof, so that its consideration on appeal is procedurally barred. Gayten v. State, 595 So.2d 409, 413 (Miss.1992). In actuality, the issue is moot because we are reversing on other grounds; however, in the interest of judicial economy and to possibly avoid the need for further review of this issue in a subsequent appeal, we find it appropriate to comment briefly on the issue. We can only observe that the rather voluminous evidence of events occurring long after the alleged assault appears so plainly lacking in probative value on the limited issue being tried that this Court is left puzzled as to any reason the State would pursue it at such length except to attempt to gratuitously prejudice Reynolds in the eyes of the jurors.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE TERMS OF THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. KING, P.J., AND IRVING, J., CONCUR IN RESULT ONLY.