BRIDGES, P.J.,
for the Court.
¶ 1. It is alleged that on April 8, 2002, C.A., a fourteen-year-old child, caused bodily injury to W.J., a three-year-old child, “by touching him in his private area.” This allegedly occurred when the mother of W.J. left him with the mother of C.A. during the months of April and May 2002. On December 17, 2002, C.A. was tried and adjudicated a delinquent on petition filed in the Youth Court Division of the County Court of Jones County alleging a violation of Mississippi Code Annotated section 97-3 — 7(l)(a), also known as the simple assault statute, by knowingly, and unlawfully causing bodily injury to another minor “by touching him in his private area.” C.A.’s disposition was deferred until the minor could be screened and listed on the register for placement in the sexual offender’s program at Youth Village.
*706 ¶2. At trial, the State presented five witnesses to prove beyond a reasonable doubt that C.A. actually caused bodily injury. The witnesses included Latoya Nix, an expert in counseling sexually abused children; Sharon McMahan, an employee of the Center for the Prevention of Child Abuse; Christy Jones, a friend of W.J.’s mother, S.J.;' W.J.’s mother, and the victim.
¶ 3. C.A. filed a motion for a new trial or in the alternative an appeal with superse-deas. The Youth Court denied the motion for a new trial and allowed this appeal with supersedeas.
STATEMENT OF THE ISSUES
I. WHETHER THE STATE MET ITS BURDEN OF PROOF BY PROVING THE MINOR C.A. COMMITTED ALL OF THE ESSENTIAL ELEMENTS OF THE CHARGE BEYOND A REASONABLE DOUBT.
II. WHETHER THE ADJUDICATION OF THE MINOR, C.A., AS WAS SUPPORTED BY THE EVIDENCE.
ANALYSIS
I. WHETHER THE STATE MET ITS BURDEN OF PROOF BY PROVING THE MINOR C.A. COMMITTED ALL OF THE ESSENTIAL ELEMENTS OF THE CHARGE BEYOND A REASONABLE DOUBT.
II. WHETHER THE ADJUDICATION OF THE MINOR, C.A., AS WAS SUPPORTED BY THE EVIDENCE.
¶ 4. Since the issues in this case are so closely related and require the same discussion, for the purposes of convenience and efficiency, we combined these two issues in our discussion.
¶ 5. C.A. claims that the State failed to prove beyond a reasonable doubt each element of the crime. C.A. contends that the State failed to meet its burden of proof, and his adjudication as a delinquent should be reversed because the State failed to prove each element of the crime with which he was charged. C.A. argues that the State did not carry its burden because no evidence was adduced that W.J. suffered any bodily injury.
¶ 6. For clarification purposes, we point out that a petition in Youth Court is the document that contains the allegation of why the child is said to be a delinquent. It is the equivalent of an indictment for an adult. The petition in this case stated that C.A. “did purposely, knowingly, and unlawfully cause bodily injury to W.J. by touching him in his private area in violation of § 97-3-7(1)(a) of the Mississippi Code.... ” Section 97-3-7 of the Mississippi Code Annotated states
A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm;
Because the petition stated that C.A. “did purposely, knowingly, and unlawfully cause bodily injury” to W.J., C.A. argues that the prosecutor bore the burden of proving that he did knowingly cause bodily injury to W.J.
¶7. If the petition had charged C.A. with attempting to cause bodily injury, we would probably be more inclined to agree with the trial court in its decision. But the petition never spoke to the issue of attempting. Therefore, we are left to determine whether the evidence was sufficient to support a determination that C.A. did, in fact, cause bodily “injury.” Reynolds v.
*707 State, 818 So.2d 1287, 1288(¶3) (Miss.Ct.App.2002) (charge must be proven as laid in the indictment); see Murrell v. State, 655 So.2d 881, 883 (Miss.1995).
¶ 8. Since the Reynolds case followed the case of Murrell v. State, 655 So.2d 881 (Miss.1995), we will start there. In Murrell, the Mississippi Supreme Court noted that “a minor injury is a ‘bodily injury’ even though it may not be a traumatic injury.” Murrell, 655 So.2d at 884 (citing Reining v. State, 606 So.2d 1098, 1103 (Miss.1992)). The Murrell court did not require medical evidence of bodily injury to support a guilty verdict, but simply ruled that testimony that the injured party experienced pain would suffice. Id. The court held, however, that no evidence was introduced on the issue of bodily injury, not even testimony that the allegedly injured officer experienced pain due to the injury. The court noted: “[Tjhere are no Mississippi cases which address the issue of whether a jury can infer that one suffers pain where there is no medical treatment, no wound and no testimony concerning pain.” Id. The court declined to infer pain, holding that it is a simple task to ask the officer at trial whether he experienced pain. Id.
¶ 9. In Reynolds, The Mississippi Court of Appeals found Murrell to be controlling and stated that “[e]ven a glancing blow with a fist is capable of producing pain, but as the Murrell court pointed out, ‘either the officer suffered pain or he did not and it is a simple task to ask him.’ ” Reynolds, 818 So.2d at 1288 (quoting Murrell, 655 So.2d at 885). The Reynolds court continued by stating that Mississippi Code Annotated section 97-3-7, in its statutory definition of simple assault, includes, in the alternative, both the actual infliction of bodily injury and the attempt to do so. Id. In discussing the two paths provided by section 97-3-7, the court in Reynolds proceeded by saying:
The form of the statute offers the State alternative paths to arrive at the same result, but it must inform the defendant of the path it chooses in the language of the indictment. Murrell, 655 So.2d at 884. Having chosen to charge the actual infliction of bodily injury, rather than an ineffectual attempt to inflict injury, the State thereby chose to make actual bodily injury- an element of the crime, but supported that charge with evidence too weak to withstand a claim that the verdict of guilty was against the weight of the evidence.
Id. at 1289.
¶ 10. In the present case, the judge was not given the option of an attempt charge and our reading of the Murrell and Reynolds decisions leaves us convinced that our only option is to reverse and render. Unfortunately, the record is devoid of any questions or answers regarding injury. Although touching was mentioned, even by the victim, there was nothing about pain, hurt or injury caused at the hands of C.A. “The circumstantial evidence should be supportive of, not in lieu of, the direct testimony readily at hand.” Murrell, 655 So.2d 885.
¶ 11. Let it be noted that the Murrell court cited a case, Reining v. State, 606 So.2d 1098 (Miss.1992), where the defendant, on appeal, argued that Mississippi Code Annotated section 97-3-7(1) was unconstitutionally vague because it does not define “bodily injury.” In reference to the Reining case, the Murrell court stated that it recognized that “although a statute imposing criminal penalties must be strictly construed in favor of the accused, it should not be so strict as to override common sense or statutory purpose.” Murrell, 655 So.2d at 884 (quoting Reining, 606 So.2d at 1103, citing United States v. Brown, 333 U.S. 18, 25, 68 S.Ct. 376, 92 L.Ed. 442 (1948)). The court in Reynolds *708 provided the simple solution of just asking the person if he or she was in pain because either he suffered pain or he did not. Reynolds, 818 So.2d 1288(¶ 4) (quoting Murrell, 655 So.2d at 885). Although this seems like a simple solution when the case involves an adult, when there is a child involved, such as in this case, more specific and leading questions may be asked of the child to ascertain whether he or she sustained bodily injury.
¶ 12. The facts of the case sub judice fit the mold of a sexual touching or handling case. Had the defendant been eighteen years of age, or older, at the time of the alleged crime he could have been indicted pursuant to § 97-5-23 of the Mississippi Code Annotated (Rev.2000). Since that is not the case, the defendant can not be tried under said statute.
¶ 13. Therefore, we reverse and render.
¶ 14. THE JUDGMENT OF THE YOUTH COURT OF JONES COUNTY IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., AND SOUTHWICK, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.