LEE, C.J., for the Court:
¶ 1. This appeal arises from Mark Matthews’s convictions of simple assault and disorderly conduct in Madison County Municipal Court. Matthews appealed to the County Court of Madison County. After a bench trial de novo, Matthews was again convicted of simple assault and disorderly conduct. He then appealed to the Madison County Circuit Court, which affirmed the conviction. This appeal followed.
FACTS AND PROCEDURAL HISTORY
¶ 2. Matthews and Brittany Sullivan had a daughter, Macy Kate, in 2008. Because they were not married, custody arrangements were established by a final judgment of filiation and support filed in Madison County Chancery Court, granting joint legal and physical custody to both parents. The custody agreement provided that Matthews had custody of Macy Kate on Wednesday nights and was to return her “the next morning at 7:30 a.m. or such time [that accommodated] both [parents’] travel to work.”
¶ 3. On the morning of Thursday, May 26, 2011, Matthews arrived at Brittany’s residence, which was also the residence of her mother, Pam Sullivan, to drop off Macy Kate. Matthews parked his vehicle at the curb, because he was required to park on the street and stay off the Sulli-vans’ property as a result of a trespassing conviction from a year earlier. Pam exited the house, and Matthews asked Pam where Brittany was. Pam testified that she told him that Brittany had spent the night at her grandparents’ house. Pam walked to the rear passenger door of the vehicle and opened it to unbuckle Macy Kate from her car seat. Matthews, who had exited the vehicle, slammed the door on Pam, pinning her in the door. After a struggle, Pam freed herself from the door, removed Macy Kate, and walked onto her property, where Matthews was not allowed to go.
*582 ¶4. Pam called Madison Police Officer Mike Brown, who lived across the street. Matthews called the Madison police and reported that there had been domestic violence. Officer Brown arrived to the Sulli-vans’ property, and shortly thereafter, Madison Police Officer Ryan Wigley arrived. Officer Wigley approached Pam to begin his investigation; then, Matthews approached Officers Brown and Wigley and Pam. Officer Wigley ordered Matthews to return to his vehicle. While returning to his vehicle, Matthews began making a phone call on his cell phone. Officer Wigley ordered Matthews to not use his phone. Matthews responded that Officer Wigley could not prevent him from using his phone. Officer Wigley testified that he instructed Matthews not to use his cell phone as a safety precaution, as he did not know who Matthews was calling or why Matthews was making the phone call. As a result of Matthews’s refusal to stop using his cell phone, Officer Wigley arrested him for disorderly conduct.
¶ 5. Pam filed an affidavit against Matthews for assault. Matthews was convicted of simple assault and disorderly conduct in the City of Madison Municipal Court.
¶ 6. Matthews appealed to the County Court of Madison County. After a bench trial de novo, Matthews was found guilty of simple assault under Mississippi Code Annotated section 97-3-7(l)(a) (Rev.2006) and disorderly conduct for refusing to comply with a police officer’s request under Mississippi Code Annotated section 97-35-7(1) (Rev.2006). For the assault count, Matthews was sentenced to 180 days in the custody of the Sheriff of Madison County, with 150 days suspended. And for the disorderly-conduct count, he was sentenced to 180 days in the custody of the Sheriff of Madison County, with 175 days suspended. Both sentences were on the condition that Matthews complete an anger-management course and two years of unsupervised probation. Matthews’s sentences were ordered to run consecutively to each other and consecutively to any other sentence he was serving or may be required to serve in the future on other charges. In addition, Matthews was ordered to pay a $190 fine for the assault count, a $160 fine for the disorderly-conduct count, and all court costs and fees.
¶ 7. Matthews appealed to the Madison County Circuit Court, arguing (1) there was insufficient proof of simple assault, and the county court erred by failing to apply the castle doctrine; (2) there was insufficient evidence of disorderly conduct; (3) the weight of the evidence failed to support either conviction; and (4) the county court erred in excluding defense evidence. The circuit court affirmed the county court’s conviction. Matthews appealed to this Court, raising the same four issues that were raised in the circuit court.
DISCUSSION
I. ASSAULT
¶ 8. For the City of Madison (City) to prove that Matthews committed simple assault, it was required to show that he: “(a) attempted] to cause or purposely, knowingly!,] or recklessly eause[d] bodily injury to [Pam]; (b) negligently cause[d] bodily injury to [Pam] with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempted] by physical menace to put [Pam] in fear of imminent serious bodily harm.... ” Miss. Code Ann. § 97-3-7(l)(a).

A. Sufficiency of the Evidence

¶ 9. Matthews asserts that the county court should have sustained his motion for a directed verdict or a judgment of acquittal notwithstanding the verdict (JNOV), *583 and that the evidence was not sufficient to convict him for assault.
¶ 10. This Court reviews a denial of a motion for a directed verdict and a denial of a JNOV under the same standard of review. Grihim v. State, 760 So.2d 865, 866 (¶ 6) (Miss.Ct.App.2000). “Appeals from [the denial of a] motion for [a] JNOV or directed verdict necessarily invoke a challenge to the sufficiency of the evidence.” Id. By moving for a JNOV, the defendant challenges the sufficiency of the evidence and asks “the court to hold, as a matter of law, that the verdict may not stand.” Tait v. State, 669 So.2d 85, 88 (Miss.1996) (citing May v. State, 460 So.2d 778, 780-81 (Miss.1984)). Then, the trial court “must consider all of the evidence— not just the evidence which supports the State’s case — in the light most favorable to the State.” May, 460 So.2d at 781. “[T]his Court will reverse and render only if the facts and inferences point in favor of the defendant on any element of the offense with sufficient force that [a] reasonable [finder of fact] could not have found beyond a reasonable doubt that the defendant was guilty[.]” Hughes v. State, 983 So.2d 270, 275-76 (¶ 10) (Miss.2008) (quoting Brown v. State, 965 So.2d 1023, 1030 (¶ 25) (Miss.2007)) (quotations omitted). “When reviewing the decision of a trial judge sitting without a jury, we give the judge ‘the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.’ ” Beal v. State, 958 So.2d 254, 256 (¶ 6) (Miss.Ct.App.2007) (quoting Johns v. State, 926 So.2d 188, 202 (¶ 70) (Miss.2006)).
¶ 11. Matthews does not argue that he did not assault Pam; however, he asserts that under the castle doctrine, the assault was justified to prevent Pam from kidnapping his child. Mississippi Code Annotated section 97-3-15(3) (Rev.2006) provides a defense for a person who uses force against another committing a felony upon him or another “if the person against whom the defensive force was used[ ] was in the process of unlawfully and forcibly entering ... [an] occupied vehicle.... ” Matthews argues that the felony Pam was committing was kidnapping. The statute requires that the “person who uses defensive force shall be presumed to have reasonably feared imminent death or great bodily harm.... ” Miss.Code Ann. § 97-3-15(3). No evidence was presented that Matthews feared imminent death or great bodily harm to himself or to Macy Kate. Therefore, the county court did not err in refusing to apply the castle doctrine, as there was not sufficient evidence to support the doctrine’s application.
¶ 12. Both Matthews and Pam testified that Matthews pinned Pam in the door of his vehicle. Pam testified that she called out in pain several times. Pam also testified that she had bruises as a result of the incident. Viewing the evidence in the light most favorable to the City, none of the “facts and inferences point in favor of [Matthews] on any element of the offense -” Hughes, 983 So.2d at 275 (¶ 10) (internal quotations omitted). This issue is without merit.

B. Weight of the Evidence

¶ 13. When a party raises an objection to the verdict based on the weight of the evidence, this Court views the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). The verdict will only be disturbed “when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Id. “[T]he power to grant a new trial should be invoked only in exceptional cases in *584 which the evidence preponderates heavily against the verdict.” Amiker v. Drugs for Less Inc., 796 So.2d 942, 947 (¶ 18) (Miss. 2000).
¶ 14. Matthews argues that the overwhelming weight of the evidence does not support the verdict for simple assault. Relying on Reynolds v. State, 818 So.2d 1287 (Miss.Ct.App.2002), Matthews argues that there must be proof of bodily injury. In Reynolds, the arresting officer stated that while being arrested, “Reyonolds swung at him with a closed fist and landed ... ‘a glancing blow.’ ” Id. at 1288 (¶ 2). However, the officer never testified that he felt pain from the blow or that he was injured in any way. Id. In fact, “[o]n direct examination by the prosecuting attorney, the officer said only that ‘it was just a glancing blow. No major injuries. I had no bruising.’” Id. The Reynolds Court, citing Murrell v. State, 655 So.2d 881, 883 (Miss.1995), noted that “the State must prove that the victim suffered bodily injury.” Reynolds, 818 So.2d at 1288 (¶ 3). Finding Murrell controlling, the Court stated, “Even a glancing blow with a fist is capable of producing pain, but, as the Murrell court pointed out, ‘either the officer suffered pain or he did not and it is a simple task to ask him.’ ” Id. (quoting Murrell, 655 So.2d at 885).
¶ 15. Here, Pam testified that she screamed out in pain while being pinned in the door and that she told Matthews that he had hurt her. She also stated that she had bruises on her shoulder and down the side of her arm and had the skin scraped off her finger. There was ample testimony presented that Pam had suffered bodily injury, as required by Murrell, 655 So.2d at 883, and Reynolds, 818 So.2d at 1288 (¶ 3).
¶ 16. Viewing the evidence in the light most favorable to the verdict, it cannot be said that allowing the guilty verdict to stand would be an unconscionable injustice. This issue is without merit.
II. DISORDERLY CONDUCT
¶ 17. Under section 97 — 35—7(l)(i), Matthews was guilty of disorderly conduct if the City proved that, with intent to breach the peace, he “fail[ed] or refuse[d] to promptly comply with or obey a request, command, or order of a law enforcement officer, having the authority to then and there arrest any person for a violation of the law....” While the subsection of the statute with which Matthews was charged was never stated, it was clear from the police report and the testimony by Officer Wigley that the City was attempting to prove disorderly conduct under subsection (l)(i), which states a person’s conduct is disorderly if he “refrain[ed] from acting or doing as ordered, requested or commanded by said officer to avoid any breach of the peace....”
A. Sufficiency of the Evidence
¶ 18. As stated above, this Court will consider all of the evidence “in the light most favorable to the State,” and “will reverse and render only if the facts and inferences point in favor of the defendant on any element of the offense with sufficient force that [a] reasonable [finder of fact] could not have found beyond a reasonable doubt that the defendant was guilty[.]” May, 460 So.2d at 781; Hughes, 983 So.2d at 275-76 (¶ 10) (citations and quotations omitted).
¶ 19. Officer Wigley stated that he responded to the call. He began his investigation by interviewing Pam. As Matthews approached, Officer Wigley instructed him to return to his car and to refrain from using his cell phone. Although Matthews began to return to his car, Matthews testified that he refused to refrain from using his cell phone. When he failed to comply *585 with Officer Wiglets order, he was arrested. From the evidence presented, a reasonable finder of fact could have found beyond a reasonable doubt that Matthews was guilty of disorderly conduct. This issue is without merit.

B. Weight of the Evidence

¶ 20. On appeal, Matthews contends that the weight of the evidence does not establish the disobeying of a reasonable command during a breach of the peace. Officer Wigley testified that he instructed Matthews not to use his cell phone for the officers’ safety and for the safety of everyone at the scene. When Matthews failed to comply, Officer Wigley stated, he arrested Matthews “for officer safety and the safety of everyone there.”
¶ 21. Viewing the evidence in the light most favorable to the verdict, it cannot be said that allowing the guilty verdict to stand would be an unconscionable injustice. ' Therefore, this issue is without merit.
III. EXCLUSION OF EVIDENCE
¶ 22. Matthews asserts that the trial court erred in excluding a copy of the Madison Police Department dispatch report of the incident. The trial court sustained the City’s objection that Matthews had not disclosed the report through reciprocal discovery. Matthews argues that because the City had originally provided that document, he did not perceive a duty to “re-disclose it.” On appeal, the circuit court found this to be harmless error.
¶ 23. When reviewing the admissibility of evidence, this Court will only reverse “when an abuse of discretion resulting in prejudice to the accused occurs.” Hayes v. State, 803 So.2d 473, 475 (¶4) (Miss.Ct.App.2001) (quoting Clemons v. State, 732 So.2d 883, 887-88 (¶ 18) (Miss.1999)).
-¶ 24. Uniform Rule of Circuit and County Court 9.04(1) states that if a party fails to timely disclose evidence and the opposing party object's, the trial court can proceed in three ways:
(1) the court can allow the surprised party a reasonable opportunity to examine the newly produced evidence;
(2) if after the surprised party reviews the new evidence, the party claims unfair surprise and “seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary ■ for the defense to meet the non-disclosed evidence or grant a mistrial”; or
(3) the party can withdraw the evidence.
URCCC 9.04.
¶ 25. When Rule 9.04 is violated, the error is considered harmless “unless it affirmatively appears from the entire record that the violation caused a miscarriage of justice.” Payton v. State, 897 So.2d 921, 942 (¶ 67) (Miss.2003) (internal citations omitted). Although the trial court’s exclusion of the police report was a violation of Rule 9.04, the error is harmless because Matthews testified to the contents of the report. It cannot be said that the exclusion of the police report caused a miscarriage of justice. This issue is without merit.
¶ 26. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SIMPLE ASSAULT, AND SENTENCE OF 180 DAYS, WITH THIRTY DAYS TO SERVE AND 150 DAYS SUSPENDED FOR TWO YEARS, AND TO PAY A FINE OF $190; AND COUNT II, DIS *586 ORDERLY CONDUCT, AND SENTENCE OF 180 DAYS, WITH FIVE DAYS TO SERVE AND 175 DAYS SUSPENDED FOR TWO YEARS, AND TO PAY A FINE OF $160, WITH THE SENTENCES IN COUNTS I AND II TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE SHERIFF OF MADISON COUNTY, MISSISSIPPI, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. BARNES AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT. IRVING, P.J., AND JAMES, J., CONCUR IN PART AND DISSENT IN PART.